[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 8, 1993, the plaintiff, Karen S. Ablow, filed an action in this court seeking a dissolution of her marriage to the defendant, Ralph D. Goldsticker. On May 12, 1994, the defendant filed an answer and counterclaim. On August 29, 1995, Attorney Irving Perlmutter was appointed guardian ad litem for the defendant.
A trial was held over the course of three days on December 8, 14, and 15, 1995. Throughout the hearing on the dissolution, the plaintiff and her attorney were present. The defendant was present during the first day of trial. He failed to appear for the subsequent two days of trial. He was represented during all three days by his attorney and his guardian ad litem.
The plaintiff is 37 years old. She is a graduate of Tufts Dental School and is an oral surgeon. She has owned and maintained a private dental practice specializing in oral and maxillofacial surgery since 1991.
The defendant is a graduate of the Medical College of Virginia. Although educated as a physician, the defendant is not licensed to practice medicine because he has failed to complete his residency requirements. He is currently unemployed.
Based on the testimony of Dr. Jerome Schnitt, who has continuously treated the defendant since June of 1992, the court finds that the defendant suffers from the following mental disorders: (1) atypical narcolepsy, which causes him difficulties with alertness, disrupts his sleep patterns and disrupts his concentration; (2) severe obsessive compulsive disorder; and (3) severe major depressive disorder. These illnesses prevent the defendant from functioning as a normal person. They prevent him from thinking and communicating clearly, causing great difficulty in completing tasks. The defendant is not presently capable of maintaining gainful employment.
The plaintiff and the defendant first met in February 1986 while the plaintiff was attending a one-week course at the Medical College of Virginia. In April of 1986, they became engaged to be married. They subsequently married on April 25, 1987. CT Page 483
At the time of their marriage, the plaintiff was in her second year of residency at St. Raphael's Hospital and the defendant was in his first year of residency in pathology in California. In June of 1987, the defendant moved to Connecticut to be with his wife and began his second year of residency at St. Raphael's Hospital in New Haven.
In April 1988, the defendant quit the residency program at St. Raphael's. He was not happy with the program and was depressed. The plaintiff was not pleased with his decision and she was concerned about the adverse impact his decision would have on the household finances.
In the summer of 1988, the defendant formed a consulting business to advise attorneys and plaintiffs on legal claims against doctors. He bought a computer which he used in his business. He earned a small amount of money from the business before terminating it at the end of 1988.
From 1989 through the present, the defendant has not been engaged in any substantial gainful employment. In 1989, he began receiving social security disability benefits. Although unable to work, the defendant has spent considerable time playing racquet ball, scuba diving, and assisting friends in their businesses of auto repair and photography.
The plaintiff, after her marriage to the defendant, completed her residency and began the private practice of dentistry in 1989. From 1989 until 1991, she was employed by another dentist. In 1991, she established her own practice of oral surgery.
On December 8, 1993, the plaintiff filed the subject dissolution action. The parties separated in February 1994. The plaintiff felt that the marriage was no longer working. She sincerely believes that the defendant is exaggerating his illness and that he is malingering.
The court finds that the marriage has broken down irretrievably.
Both parties have continuously resided in the State of Connecticut for at least one year prior to the commencement of these proceedings. No children were born during the marriage. CT Page 484
The plaintiff's dental practice currently generates income to her before taxes in the amount of $65,416.00 annually. Since she only recently established her own business, it does not have a substantial value. Based on the evidence provided by the defendant's expert witness, I find the current fair market value of the plaintiff's dental practice to be $6,100.00.
The plaintiff also has significant liabilities, including student loans in the outstanding amount of $3,500.00, an outstanding loan from her parents of $13,000.00, and funds owed to HPSC, Inc. in the amount of $42,000.00.
The marriage of the parties was of a relatively short duration, a total of approximately six years prior to the divorce action being filed. As a result, there are few financial ties to each other. The condominium which they own has a negative financial value. Their bank accounts are minimal and they have no other joint property or assets.
Since 1988, after only one year of marriage, the defendant has been primarily supported by the plaintiff. Her income from her dental practice has been the primary source of income and it has been used to pay all household expenses. Since 1989, his only income has been from social security disability benefits which he has used for his own personal expenses.
The defendant's lack of financial contribution to the marriage has not been offset, as is the case in many marriages, by noneconomic contributions to the relationship. The defendant did not make any significant contribution of labor to the family enterprise nor did he make any particular sacrifices on behalf of the relationship. For example, he did not forego any financial, educational or career opportunities to support the plaintiff or the household. The defendant, however, because of his mental illness, cannot be faulted for his lack of economic and noneconomic contributions to the marriage.
In determining the orders contained herein, I have carefully considered all the statutory criteria provided in Conn. General Statutes § 46b-81 as it relates to the assignment of property and Conn. General Statutes § 46b-82 as it relates to the award of alimony.
With respect to the dissolution, the court enters the following orders: CT Page 485
 1. The marriage is ordered dissolved on the grounds of irretrievable breakdown.
 2. The condominium at 140 Thompson Street, Unit 2-B, in East Haven, Connecticut, is awarded to the plaintiff. The plaintiff shall hold the defendant harmless from any liabilities or indebtedness with respect to the property. The defendant is hereby given 90 days from the date of the dissolution judgment to vacate the premises of the condominium, provided the court in the foreclosure action does not order the parties to vacate at an earlier date.
 3. The personal computer and its accessories at the condominium are awarded to the defendant. The remaining personal property at the condominium shall be distributed as mutually agreed upon by the parties with mediation by the Office of Family Relations. If the parties are unable to reach an agreement on distribution of personal property, the court shall determine the appropriate distribution.
 4. The plaintiff is responsible for all liabilities listed on her financial affidavit dated December 4, 1995, and the defendant is responsible for all liabilities still outstanding on his financial affidavit dated August 11, 1995.
 5. The defendant is awarded lump sum alimony in the amount of $27,000.00 to be paid as follows: $3,000.00 to be paid within 30 days of the date of the judgment in this matter, and the remainder to be paid at the rate of $900.00 per month commencing within 60 days of the date of this judgment and monthly thereafter until paid in full.
The court also has before it three motions for contempt filed by the defendant. In the first motion the defendant moves that the plaintiff be held in contempt for failing to abide by the court's order of October 18th to pay the court reporter's fee in the amount of $764.00 on or before October 25, 1995. The second motion asks that the plaintiff be held in contempt for violating the court's pendente lite orders to pay the mortgage and/or common charges for the condominium at 140 Thompson Street, Unit 2-B, East Haven, Connecticut. The third motion for contempt CT Page 486 requests that the plaintiff be held in contempt for failing to comply with the court's order dated July 10, 1995 to pay $2,000.00 to be held in escrow by the plaintiff's counsel for payment on the remaining balance of the bill to retain the defendant's expert accountant.
After hearing testimony as part of the trial of the dissolution action, the court finds the following facts.
On July 10, 1995, the plaintiff was ordered by the court, Pittman, J., to place $2,000.00 in an escrow account with the plaintiff's attorney to be utilized by the defendant's counsel for completion of the evaluation of the plaintiffs practice by the defendant's expert witness. Despite the court's order, the plaintiff failed to place $2,000.00 in an escrow account with the plaintiff's attorney. Rather, she attempted to make her own arrangements with the defendant's expert witness for paying the remainder of the witness's bill.
On October 18, 1995, the plaintiff was ordered to pay in full on or before October 25, 1995, the court reporter's fee incurred for the deposition of Dr. Jerome Schnitt. The court reporter's fee of $764.00 was not paid until November 12, 1995.
On May 31, 1994, the court, Axelrod, J., ordered pendente lite the plaintiff to maintain on a current basis the mortgage, taxes, insurance, condo fees, electricity, gas, and basic cable for 140 Thompson Street, Unit 2-B, East Haven, Connecticut. The defendant has been the sole occupant of the condominium from February 1994 through the present. On November 1, 1994, the plaintiff stopped keeping current the mortgage for the condominium at 140 Thompson Street, Unit 2-B in East Haven, Connecticut. As a result of the plaintiff's failure to keep the mortgage current, the bank holding the mortgage has brought a foreclosure action against the plaintiff and the defendant for the failure to pay the mortgage.
The court finds the plaintiff to be in wilful contempt of each of the above court orders. The plaintiff had the ability to pay each of the obligations involved in the court orders and wilfully failed to do so in accordance with the terms of the court's orders. Because of the plaintiff's refusal to abide by the court's orders, the defendant has incurred additional attorney's fees in an effort to obtain the plaintiff's compliance. Therefore, the plaintiff is ordered to pay the CT Page 487 defendant $1,000.00 in attorney's fees for violation of the court's orders. Payment shall be made to the defendant's attorney within 60 days of the date of the dissolution judgment.
Jon M. Alander, Judge